IN THE UNITED STATES DISTRICT OF TEXAS
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ADAM OCHOA,<br>*Plaintiff,*<br><br>VS.<br><br>MERCER TRANSPORTATION CO., INC.<br>AND JEFFREY JACK,<br>*Defendants.* | §<br>§<br>§<br>§ CIVIL ACTION NO. 5:17-cv-01005<br>§ JURY TRIAL REQUESTED<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Adam Ochoa, Plaintiff, by and through his attorneys, The Law Offices of Thomas J. Henry, now comes before this Court and complains of Mercer Transportation Co., Inc. and Jeffrey Jack, as follows:

### I.
### PARTIES

1. Adam Ochoa is an individual residing in Bexar County, Texas, and thus a resident of the Western District of Texas.

2. Defendant Mercer Transportation Co., Inc. is a resident of Louisville, Jefferson County, Kentucky. Defendant Mercer Transportation Co., Inc. may be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendant Jeffrey Jack is a resident of Haleyville, Winston County, Alabama. Defendant Jeffrey Jack may be served with process at his residence located at 203 Jack Road, Haleyville, Alabama 35565.

1

## II.
## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the suit pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Respondents are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5.  Venue is proper in this District pursuant to U.S.C. § 1391 because the collision which forms the basis of this lawsuit occurred in Comal County which is within this District.

## III.
## SUMMARY

6.  On April 6, 2017, Plaintiff Adam Ochoa was traveling in his vehicle in a lawful manner on IH-35 in New Braunfels, Comal County, Texas when Defendant Jeffrey Jack, while operating a Tractor Trailer owned by Jeffrey Jack, abruptly swerved into his lane of travel and violently struck his 2002 Mitsubishi Eclipse. The Texas Peace Officer's Crash Report found Jeffrey Jack to be at fault for the collision for changing lanes when unsafe. At the time of the collision in question, Defendant Jeffrey Jack was in the course and scope of his employment with Defendant Mercer Transportation Co., Inc. As a result of this collision, Plaintiff sustained severe injuries and damages as more fully described below.

## IV.
## NEGLIGENCE CAUSE OF ACTION AGAINST
## DEFENDANT MERCER TRANSPORTATION CO., INC.

7.  At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jeffrey Jack was acting within the course and scope of his employment with Defendant Mercer Transportation Co., Inc.

8. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jeffrey Jack was engaged in the furtherance of Defendant Mercer Transportation Co., Inc.'s business.

9. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jeffrey Jack was engaged in accomplishing a task for which Defendant Jeffrey Jack was employed.

10. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant Mercer Transportation Co., Inc.

11. The Defendant Mercer Transportation Co., Inc. is liable under the doctrine of *Respondeat Superior* in that Defendant Jeffrey Jack was operating the vehicle in the course and scope of his employment with Defendant Mercer Transportation Co., Inc.

12. Defendant Mercer Transportation Co., Inc., is also negligent in one or more of the following respects:

    a. Negligent hiring of Defendant Jeffrey Jack;

    b. Negligent training of Defendant Jeffrey Jack;

    c. Negligent supervision of Defendant Jeffrey Jack; and

    d. Negligent retention of Defendant Jeffrey Jack.

13. As described herein, Defendant Mercer Transportation Co., Inc., was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

14. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff

suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## V.
## NEGLIGENCE CAUSE OF ACTION AGAINST
## DEFENDANT JEFFREY JACK

15. Defendant Jeffrey Jack had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiff's injuries were proximately caused by Defendant Jeffrey Jack's negligent, careless and reckless disregard of said duty.

17. The negligent, careless and reckless disregard of duty by Defendant Jeffrey Jack consisted of, but is not limited to, the following acts and omissions:

    a.    In that Defendant Jeffrey Jack failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    b.    In that Defendant Jeffrey Jack failed to change lanes in a lawful manner that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    c.    In that Defendant Jeffrey Jack failed to drive defensively to avoid the collision;

    d.    In that Defendant Jeffrey Jack was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    e.    In that Defendant Jeffrey Jack failed to timely apply the brakes of the vehicle in order to avoid the collision in question; and

    f.    In that Defendant Jeffrey Jack failed to turn his motor vehicle to the right or the left in an effort to avoid the collision complained of.

18. As described herein, Defendant Jeffrey Jack was negligent on the occasion in question and

such negligence was the proximate cause of Plaintiff's injuries and damages.

19. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## VI.
## GROSS NEGLIGENCE

20. Jeffrey Jack's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Jeffrey Jack had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

21. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

22. Mercer Transportation Co., Inc.'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, their conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Mercer Transportation Co., Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

23. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.
## DAMAGES

24. As a direct and proximate result of the collision and the negligent conduct of Mercer Transportation Co., Inc. and Jeffrey Jack, Plaintiff suffered severe bodily injury to his head, neck, upper back, lower back, and other parts of his body generally. Plaintiff has additionally been diagnosed with a disabling traumatic brain injury. The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injury, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

25. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

26. As a consequence of the injuries sustained by Plaintiff, he has sustained physical impairment and/or disfigurement. In all reasonable probability, this disability will cause Plaintiff to suffer long into the future, if not for the balance of his natural life.

27. Specifically, as a direct and proximate result of the negligent acts of Mercer Transportation Co., Inc. and Jeffrey Jack, Plaintiff has endured significant pain and suffering, mental anguish, and physical impairment as a result of the collision in question. Plaintiff continues to seek treatment for his injuries sustained in the collision in question.

28. WHEREFORE, Plaintiff is entitled to damages from Mercer Transportation Co., Inc. and Jeffrey Jack, and he does hereby pray that judgment be entered in his favor and against the Mercer Transportation Co., Inc. and Jeffrey Jack as follows:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of past wages;
12. Loss of future wages;
13. Loss of wage earning capacity;
14. Loss of consortium
15. Property damage; and
16. Loss of use.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

29. Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

30. Plaintiff hereby makes his demand for a jury trial and acknowledges herein the payment on this date of the required jury fee.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: 361-985-0600
Fax:   361-985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Bernardo S. Gonzalez
State Bar No. 08124100
*email: bgonzalez-svc@tjhlaw.com

ATTORNEYS FOR PLAINTIFF

\* service by email to this address only